UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CONNOR SPACHTHOLTZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:17-cv-00138-JMS-MJD |
| RICHARD BROWN, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Connor Spachtholtz for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 16-06-0315. For the reasons explained in this Entry, Mr. Spachtholtz's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On June 21, 2016, Investigator A. Mills issued a Report of Conduct charging Mr. Spachtholtz with a violation of Code B-208. The Report of Conduct states:

> On 6/20/2016 at 9:58 am, I, Investigator A. Mills, reviewed a note that was found in property belonging to Offender Christopher Trick 199805. Upon reviewing this note, I discovered clear evidence of STG activity. The note is signed by an offender identifying himself as "Tattoo." The "A" in Tattoo" is drawn in a way to reflect the Aryan Brotherhood "A." Offender Connor Spachtholtz 195400 (28B- 4A) received conduct for STG activity upon his arrival to CIF for STG drawings. One of the drawings was on a Tupperware lid. This drawing was of an Aryan "A," Offender Spachtholtz's DOC number, and "Tattoo" drawn in red on it. Offender Spachtholtz is a confirmed member of the Aryan Brotherhood and suspected to hold rank as the Vice President of the organization in the facility. In the note, the writer identifies himself as "#2" and states it['s] his job to oversee all probates. After comparing hand writing examples from Offender Spachtholtz, I am confident that Offender Spachtholtz wrote the note found on Offender Trick containing STG activity. By writing this note, Offender Spachtholtz is in violation of ADP code B-208 "Security Threat Group Activity."

Dkt. 19-1 (Exh. A, Report of Conduct). Mr. Spachtholtz was notified of the charge on June 23, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Mr. Spachtholtz requested a statement from Christopher Trick to answer the question, "Was I the author of the letter?" He did not request any physical evidence. Trick submitted a statement that provides, "Yes I wrote the letter, I go by Tattoo they found the letter in my property before I could deliver it."

The Hearing Officer conducted a disciplinary hearing on June 30, 2016. The Hearing Officer noted Mr. Spachtholtz's statement that "This was found on another offender. I don't share a count letter with him. It was not in my possession. Offender Trick claimed he wrote it." Dkt. 19-4. The Hearing Officer determined that Mr. Spachtholtz had violated Code B-208 and stated, "Conduct is clear. Handwriting analysis identified offender as author of note. The witness

statement provided and written by offender Trick 199805 clearly does not match handwriting of note. Note clearly has STG activities in it." (*Id.*). The sanctions imposed included a written reprimand, the loss of phone and commissary privileges, the loss of 30 days of earned credit time, and the demotion of one credit class (suspended).

Mr. Spachtholtz appealed the disciplinary conviction to both the Facility Head and Final Review Authority. The administrative record is lengthy, but Petitioner's Exhibit K provides a concise statement of the arguments he raised during the administrative process.

> **SECTION 1**
> **Appeal to Facility Head (Be specific in stating reason(s) for appeal**
>
> Pursuant to IDOC Letter 9-9-2016, (enclosed); I file a new appeal. The answering response must be mailed to me at W.V.C.F.
> 1. CIF has failed to show some evidence existed at hearing. To wit:
> a. No proof of handwriting analysis was done by a qualified analyser;
> b. Offender Trick claimed by his own statement he wrote the note, & intended to give it to an offender other than Spachtholtz. Further it was found in offender Tricks possession only and did not show Spachtholtz to be the intended "STG" receiptent. Offender Trick, said he was "tattoo".
> c. Spachtholtz, wasn't informed who this analyst (handwriting) is, & how they qualified to be an expert witness.
>
> Signature of offender   Date 9-23-16

Petitioner's Exhibit K, dkt 9-1 at page 14. This Court finds that the record reflects that Mr. Spachtholtz exhausted his administrative remedies as to the claims raised in his amended petition for writ of habeas corpus.

**C. Analysis**

Mr. Spachtholtz raises a few arguments all of which attack the sufficiency of the evidence. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and

demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

A conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision . . . has some factual basis." *Id.* "[B]ecause the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion." *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) (*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. A federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993).

With this in mind, the conduct report created a sufficient evidentiary basis for the hearing officer's decision in this case. An offender violates Code B-208 by:

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing or using security threat group or unauthorized organizational insignia or materials; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or on behalf of an organization that has not been approved by the Department of Correction.

http://www.in.gov/idoc/files/02-04-101 APPENDIX I-OFFENSES 6-1-2015.

Here, Mr. Spachtholz was charged with writing a note that was found in the possession of another offender. There is sufficient evidence to establish that he wrote the note and that it violated Code B-208.

Mr. Spachtholz argues that he was denied a written report of who conducted the handwriting analysis so that he could challenge their credibility. He argues that Investigator A. Mills, the author of the conduct report, appears to have conducted the handwriting analysis and that there is no indication that he has received any expert training. Mr. Spachtholz apparently speculates that had he been given a written report of the handwriting analysis it would have been exculpatory. He is mistaken; the conduct report speaks for itself. The fact that the handwriting on the lid and on the letter was compared by the investigator who wrote the conduct report and that he gave his lay opinion on the matter does not violate due process. In addition, the record reflects that the hearing officer also considered the photograph of the lid and the letter before concluding that they were both written by Mr. Spachtholz. Although the phrase "handwriting analysis" is used, neither the conduct report author nor hearing officer claimed to be an expert in the field of handwriting analysis. There was no error in relying on a lay opinion. The Supreme Court in *Wolff*

made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556.

Mr. Spachtholtz argues that his testimony and that of offender Trick should have been believed. But the hearing officer was not required to credit their testimony. *See Henderson,* 13 F.3d at 1078 ("the DHO was not required to accept as true either [the petitioner's] version of the events or that of his three witnesses"). The conduct report "provided 'some evidence' for the . . . decision." *McPherson*, 188 F.3d at 786.

Although only the sufficiency of the evidence was understood to be challenged by Mr. Spachtholtz in his habeas petition, the Repondent suggests that the petition also included a claim that there were violations of DOC policy. To the extent this argument was made, it must fail. The Court cannot grant Mr. Spachtholtz habeas relief on the basis that that prison officials failed to follow their own policies before, during or after the challenged disciplinary proceeding. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations"); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Finally, Mr. Spachtholtz points out that the record of the administrative appeals process in his case is a mess. Although perhaps true, and unfortunate, this did not violate his constitutional rights. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. And the procedural

guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

D.    **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Spachtholz to the relief he seeks. Accordingly, Mr. Spachtholz's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/28/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CONNOR SPACHTHOLTZ
195400
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov